

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00115-CV

**DICK B. SIMMONS, SR. AND JULIE M. SIMMONS,**

**Appellant**

**v.**

**WHITE KNIGHT DEVELOPMENT, LLC,**

**Appellee**

**From the 361st District Court**
**Brazos County, Texas**
**Trial Court No. 18-001344-CV-361**

## MEMORANDUM OPINION

This appeal is from a turnover order.

Initially, Dick B. and Julie M. Simmons, the Simmonses, and White Knight Development, LLC entered into a contract whereby the Simmonses agreed to sell certain real estate to White Knight. After a dispute arose, White Knight sued the Simmonses for breach of that contract and for fraud in the inducement. It also sought specific performance of a $400,000 buy-back provision in the contract.

Ultimately, the trial court ordered the Simmonses to specifically perform the

$400,000 buy-back agreement, and it also assessed damages against the Simmonses in the amount of $308,136.14. Additionally, the trial court assessed attorney fees against the Simmonses in the amount of $72,796.79 for the trial of the case, conditional appellate attorney's fees, pre-judgment and post-judgment interest, and court costs.

The Simmonses appealed that judgment to this Court. On August 30, 2023, we delivered our memorandum opinion in that appeal. For the reasons stated in that opinion, we modified the trial court's judgment to delete the $308,136.14 damage award and to delete any interest on that amount. Otherwise, we affirmed the judgment. *See Simmons v. White Knight Development, LLC,* No. 10-21-00309-CV, 2023 Tex. App. LEXIS 6807 (Tex. App.—Waco August 30, 2023, pet. filed) (mem. op.). The circumstances surrounding the underlying dispute are set forth in that opinion, and we will not repeat them here.

Although the Simmonses appealed from the trial court's judgment in the underlying case, they did not attempt to supersede it as provided by Rule 24 of the Texas Rules of Appellant Procedure. TEX. R. APP. P. 24. After the Simmonses had failed to supersede the underlying judgment in this case, White Knight filed a verified "Application for Turnover After Judgment and Appointment of Receiver." It also sought to compel post-judgment discovery.

On April 12, 2023, the trial court held a hearing on the verified turnover application. Although the attorneys for both sides appeared and argued their respective positions, neither the Simmonses nor White Knight offered any testimony or other evidence at the hearing. Therefore, the only information before the trial court on White

Knight's verified application came in the form of pleadings and argument.

At the conclusion of the hearing, the trial court entered an order in which it appointed a receiver, set the parameters of the receiver's authority, ordered discovery as requested, and awarded White Knight attorney's fees related to the turnover application.

On April 18, 2023, the Simmonses filed a notice of appeal from the April 12, 2023, turnover order. Two days later, on April 20, 2023, the Simmonses filed an unverified motion in which it asked the trial court to set aside its April 12, 2023, order.

In their motion to set aside the turnover order, the Simmonses not only asked the trial court to set aside the appointment of the receiver, but they also asked the trial court, among other things, to order the receiver to return certain funds that he had received under the turnover order from various bank accounts. The Simmonses alleged that those funds were either exempt or belonged to others and that the receiver, therefore, could not take those funds. The Simmonses' pleadings were not verified, and the Simmonses presented nothing else in support of their argument. On May 5, 2023, the trial court denied the Simmonses' requests.

The legislature has provided a procedure for the appointment of receivers in cases like this one. *See* TEX. CIV. PRAC. & REM. CODE § 31.002. The requirements for entitlement to the appointment under the statute have evolved over the years. Under the statute, as amended in 2017 and as applicable to this appeal, it is initially incumbent upon the judgment creditor to prove the existence of an underlying judgment, that the judgment is not paid, and that the judgment creditor owns nonexempt property. *Vaccaro v. Raymond James & Assocs.*, 655 S.W.3d 485, 489 (Tex. App.—Fort Worth 2022, no pet.). After

the judgment creditor shows that the judgment debtor owns property, the burden to establish that the property is not owned by the judgment debtor or that it is exempt from execution shifts to the judgment debtor. *Klinek v. LuxeYard, Inc.*, 672 S.W.3d 830, 836 (Tex. App.—Houston [14th Dist.] 2023, no pet.); *In re C.H.C.*, 290 S.W.3d 929, 931 (Tex. App.—Dallas 2009, no pet.).

It is important to note that there are neither restrictions nor specifications in Section 31.002 as to how, and in what form, a trial court is to receive evidence in these cases. *Klinek,* 672 S.W.3d at 835. Neither are there requirements as to the specificity nor amount of evidence that a party who seeks a turnover order must produce to entitle it to a turnover order. *Hamilton Metals, Inc. v. Global Metal Servs., Ltd.,* 597 S.W.3d 870, 879 (Tex. App.—Houston [14th Dist.] 2019, pet. denied). Further, the turnover statute contains no requirement that the trial court conduct a hearing on an application for the appointment of a receiver. *Vaccaro,* 655 S.W.3d at 489.

Accordingly, rather than apply traditional standards of review applicable to evidentiary sufficiency questions, we review the trial court's issuance of a turnover order for an abuse of discretion. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). "A trial court abuses its discretion when it acts without reference to any guiding rules or principles—that is, if its act is arbitrary or unreasonable." *Vaccaro,* 655 S.W.3d at 488. A trial court also abuses its discretion when it rules without supporting evidence. *Id.*

In their brief in this appeal, the Simmonses basically contend there was no evidence before the trial court that would support the appointment of a receiver. Therefore, the Simmonses maintain, the trial court abused its discretion when it granted

White Knight's application without supporting evidence.

The trial court did, however, have before it White Knight's verified application for a turnover order. The verification contains the following statement by counsel for White Knight: "I have personal knowledge of the facts set forth in the foregoing Application and said facts are true and correct…I declare under the penalty of perjury that the foregoing is true and correct." In the application, White Knight, by its attorney, alleged that it had received a judgment against the Simmonses and that the Simmonses had not paid the judgment. Insofar as the remaining element, that the Simmonses owned nonexempt property, trial counsel for White Knight stated in the application: "[White Knight] has *a good faith reason to believe* that [the Simmonses'] own[] property…which is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." (Emphasis added). The Simmonses have not contested the evidentiary effect of the application as verified by White Knight's trial counsel.

As the judgment creditor, White Knight was obliged to present evidence to show the existence of an underlying judgment, that the judgment had not been paid, and, initially, that the Simmonses owned nonexempt property. *Vaccaro,* 655 S.W.3d at 489. When White Knight traced particular property to the Simmonses, it then fell upon the Simmonses to present evidence that the property was exempt from attachment, execution, or seizure for the satisfaction of liabilities. *Klinek,* 672 S.W.3d at 836. The Simmonses presented nothing to the trial court that would support such a claim.

The Simmonses assert that White Knight failed to show White Knight had exhausted legal remedies and had also failed to show that the property could not be

readily attached. The statute does not require proof of those things. *See* TEX. CIV. PRAC. & REM. CODE § 31.002(a)(1) and (2). Neither is it necessary that the trial court specify the property subject to turnover. In fact, the Texas Civil Practice and Remedies Code Section 32.002(h) provides: "A court may enter or enforce an order under this section that requires the turnover of nonexempt property without identifying in the order the specific property subject to turnover." TEX. CIV. PRAC. & REM. CODE § 32.002(h).

The trial court had the verified pleading before it when it issued the turnover order. The facts contained in the application are such as would support the issuance of the turnover order. We hold that the verified application filed by White Knight was some evidence in support of the issuance of the turnover order. *See Klinek,* 672 S.W.3d at 837 (facts stated in attorney's verified application for turnover affidavit were competent evidence to support issuance of turnover order).

Accordingly, we have considered each of the Simmonses' arguments, and we overrule them. We affirm the order of the trial court.

JIM R. WRIGHT<br>Senior Chief Justice

Before Chief Justice Gray,
  Justice Johnson, and
  Justice Wright[1]
Affirmed
Opinion delivered and filed September 5, 2024
[CV06]



---

[1] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.